


FULBRIGHT & JAWORSKI L.L.P.
666 Fifth Avenue
New York, New York 10103
(212) 318-3000
(212) 318-3400 (Facsimile)
   David L. Barrack
   Andrea B. Schwartz
   Scott T. Dillon

Attorneys for Mal Dunn Associates, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

DIRECT GROUP NORTH AMERICA, INC., BOOKSPAN,
YORK ENTERPRISES SERVICES, LLC, AND
DOUBLEDAY ENTERTAINMENT LLC,

                      Plaintiffs,

               v.                                  Civ. A. No.:

MAL DUNN ASSOCIATES, INC., STEPHEN DUNN,
RUSSELL DUNN, GREGORY DUNN, CATHY DUNN
and CHRISTOPHER DUNN,

                      Defendants.

------------------------------------------------------------------x

### NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1452(A) OF STATE ACTION TO UNITED STATES DISTRICT COURT

      Mal Dunn Associates, Inc. (the "Movant"), a named defendant in a certain action styled *Direct Group North America, Inc. v. Mal Dunn Assocs., Inc.*, Index No. 650223/2007 (the "State Action"), commenced in New York Supreme Court, New York County (the "Supreme Court"), hereby submits this Notice of Removal (the "Notice") pursuant to 28 U.S.C. §§ 157(a) and 1452(a) to (i) remove the State Action to the United States District Court for the Southern District of New York (the "District Court"), and (ii) refer the State Action to the United States

70027644.1

Bankruptcy Court for the Southern District of New York, Poughkeepsie Division (the "Bankruptcy Court").

## Entitlement to Removal

1. The State Action was commenced in the Supreme Court on August 7, 2007. On August 24, 2007, the Movant filed a voluntary petition for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code") in the Bankruptcy Court, Case No. 07-36299, thereby commencing a chapter 11 bankruptcy case (the "Bankruptcy Case"). A true and correct copy of the Notice of Chapter 11 Case is annexed hereto as **Exhibit "A."**

2. The Order for Relief was entered in the Bankruptcy Case on August 24, 2007.

3. The State Action is related to the Bankruptcy Case because, among other things, the Movant, which is the debtor in the Bankruptcy Case, is a defendant in the State Action. Thus, pursuant to 28 U.S.C. § 1334(b), the District Court has jurisdiction over the State Action. A true and correct copy of the Summons and Complaint, and all other pleadings and orders entered in the State Action are annexed hereto as **Exhibit "B."**

4. Pursuant to 28 U.S.C. § 1452(a), the State Action may be removed to the District Court.

5. Pursuant to 28 U.S.C. § 157(a), the District Court may refer the State Action to the Bankruptcy Court.

6. Pursuant to Rule 9027(a)(3) of the Federal Rules of Bankruptcy Procedure, the Notice is timely.

## Core/Non-Core Status of State Action

7.   The State Action is a core proceeding within the meaning of 28 U.S.C. § 157(b) because, among other things, it is inextricably and intimately related to the administration of the estate in the Bankruptcy Case.  11 U.S.C. § 157(b)(2)(A).

## Filing in Supreme Court

8.   Promptly after the filing hereof, the undersigned shall file a copy of the Notice with the Clerk of the Supreme Court.

Dated: New York, New York
       September 12, 2007

> FULBRIGHT & JAWORSKI L.L.P.
>
> Attorneys for Mal Dunn Associates, Inc.
>
> By _____
>      David L. Barrack
>      Andrea B. Schwartz
>      Scott T. Dillon
> 666 Fifth Avenue
> New York, New York 10103
> Telephone: (212) 318-3000
> Facsimile: (212) 318-3400

Case 7:07-cv-08023-KMK   Document 1   Filed 09/12/2007   Page 4 of 18

Exhibit A

FORM B9F (Chapter 11 Corporation/Partnership Asset Case) (10/05)                                Case Number 07-36299-cgm

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

# Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines

A chapter 11 bankruptcy case concerning the debtor listed below was filed on August 24, 2007.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights.
All documents filed in this case may be reviewed on the court's Electronic Case File System (ECF) using a PACER login and password at www.nysb.uscourts.gov or at any of the three divisions of the court during posted business hours.
NOTE: The staff of the bankruptcy clerk's office and the U.S. trustee cannot give legal advice.

### See Reverse Side For Important Explanations

Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Mal Dunn Associates, Inc.
fka Dunn Direct, Inc.
2022 Route 22
Brewster, NY 10509

| Case Number: | Taxpayer ID/Employer ID/Other Nos.: |
|---|---|
| 07-36299-cgm | 13-3667237 |

| Attorney for Debtor(s) (name and address): | |
|---|---|
| David L. Barrack<br>Fulbright & Jaworski L.L.P.<br>666 Fifth Avenue<br>New York, NY 10103<br>Telephone number: (212) 318-3302 | |

## Meeting of Creditors

Date: **September 26, 2007**                    Time: **01:00 PM**
Location: **Office of the United States Trustee, 181 Church Street, Poughkeepsie, NY 12601**

Where, pursuant to 11 U.S.C. § 341(e), the Court has signed an order waiving the requirements of holding a § 341(a) meeting of creditors, there will be no meeting scheduled and the above section will be blank. Please refer to the reverse side of this document under "Meeting of Creditors" for more information.

### Deadlines to File a Proof of Claim

Proof of claim must be *received* by the bankruptcy clerk's office by the following deadline:

Notice of deadline will be sent at a later time.

### Foreign Creditors

A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

### Deadline to File a Complaint to Determine Dischargeability of Certain Debts:

### Creditors May Not Take Certain Actions:

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

| Address of the Bankruptcy Clerk's Office:<br>355 Main Street<br>Poughkeepsie, NY 12601<br>Telephone number: 845-452-4200 | For the Court:<br>Clerk of the Bankruptcy Court:<br>Kathleen Farrell-Willoughby |
|---|---|
| Hours Open: Monday – Friday 8:30 AM – 5:00 PM | Date: August 27, 2007 |

Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

DIRECT GROUP NORTH AMERICA, INC.,
BOOKSPAN, YORK ENTERPRISE SERVICES LLC,
AND DOUBLEDAY ENTERTAINMENT LLC,

                Plaintiffs,

        v.

MAL DUNN ASSOCIATES, INC., STEPHEN DUNN,
RUSSELL DUNN, GREGORY DUNN, CATHY DUNN
and CHRISTOPHER DUNN,

                Defendants.

Index No.: 650223/2007

**SUMMONS**

TO:

Mal Dunn Associates, Inc.
c/o National Registered Agents, Inc.
875 Avenue of the Americas, Suite 501
New York, New York 10001

Stephen Dunn
446 Long Ridge Rd
Pound Ridge, New York 10576

Russell Dunn
26 Sunset Drive
North Salem, New York 10560

Gregory Dunn
c/o Russell Dunn
Mal Dunn Associates, Inc.
2022 Route 22
Brewster, New York 10509

Cathy Dunn
c/o Russell Dunn
Mal Dunn Associates, Inc.
2022 Route 22
Brewster, New York 10509

Christopher Dunn
c/o Russell Dunn
Mal Dunn Associates, Inc.
2022 Route 22
Brewster, New York 10509

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, upon the undersigned, attorneys for plaintiff, within twenty (20) days after the service of this summons, exclusive of the date of service, or if the service of the summons is made by any means other than by personal delivery to you within the State of New York within thirty (30) days after such service is completed. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
      August 7, 2007

_____
Steven M. Hayes

Hanly Conroy Bierstein Sheridan
 Fisher & Hayes, LLP
112 Madison Avenue
New York, New York 10016
(212) 784-6414

*Attorneys for Plaintiff*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

DIRECT GROUP NORTH AMERICA, INC.,
BOOKSPAN, YORK ENTERPRISE SERVICES LLC,
AND DOUBLEDAY ENTERTAINMENT LLC,

        Plaintiffs,

v.

MAL DUNN ASSOCIATES, INC., STEPHEN DUNN,
RUSSELL DUNN, GREGORY DUNN, CATHY DUNN
and CHRISTOPHER DUNN,

        Defendants.

Index No.: 650223/2007

COMPLAINT

      Plaintiffs Direct Group North America, Inc., Bookspan, York Enterprise Services LLC, and Doubleday Entertainment LLC, by their attorneys Hanly Conroy Bierstein Sheridan Fisher & Hayes, LLP, for their complaint, allege as follows:

### PARTIES

**A.  Plaintiffs**

    1.    Plaintiff Direct Group North America, Inc. ("Direct Group") is a Delaware corporation with its principal place of business at One Penn Plaza, 250 West 34th Street, 5th Floor, New York, New York 10119. Direct Group engages in the business, *inter alia*, of selling CDs and DVDs through direct marketing.

    2.    Plaintiff York Enterprise Services LLC, d/b/a YES Solutions ("YES") is a single member Delaware limited liability company wholly owned by Bookspan whose principal place of business is 501 Ridge Avenue, Hanover, Pennsylvania 17331.

3. Plaintiff Doubleday Entertainment LLC ("Doubleday") is a Delaware limited liability company wholly owned by Bookspan whose principal place of business is 501 Franklin Avenue, Garden City, New York 11530.

4. Plaintiff Bookspan is a Delaware general partnership, with its principal place of business at 501 Franklin Avenue, Garden City, New York 11530. Bookspan is in the business, *inter alia*, of selling books through direct marketing via its subsidiaries such as YES and Doubleday.

**B.   Defendants**

5. Upon information and belief, defendant Mal Dunn Associates, Inc. ("Mal Dunn") is a New York corporation with its principal place of business in 2022 Route 22, Brewster, New York 10509.

6. Upon information and belief, defendant Stephen Dunn is an officer, director and shareholder of Mal Dunn and is a resident of New York.

7. Upon information and belief, defendant Russell Dunn is an officer, director and shareholder of Mal Dunn and is a resident of New York.

8. Upon information and belief, defendant Gregory Dunn is an officer, director and shareholder of Mal Dunn and is a resident of New York.

9. Upon information and belief, defendant Cathy Dunn is an officer, director and shareholder of Mal Dunn and is a resident of New York.

10. Upon information and belief, defendant Christopher Dunn is an officer, director and shareholder of Mal Dunn and is a resident of New York.

11. Upon information and belief, defendant Mal Dunn is so closely controlled by defendants Stephen Dunn, Russell Dunn, Gregory Dunn, Cathy Dunn and Christopher Dunn that its separate legal existence is a fiction and should be pierced.

12. Pursuant to CPLR 503, venue is based on Plaintiff Direct Group's principal place of business.

## FACTS

13. This is an action for damages arising from breach of contract, fraud and conversion on the part of Defendants.

14. On June 5, 2003, Direct Group's predecessor-in-interest, BeMusic, Inc. ("BeMusic") entered into a written agreement with Mal Dunn in which Mal Dunn agreed to acquire mailing lists for BeMusic (the "Written Agreement") to be used in advertising for and acquisition of new customers. This is a critical element of Direct Group's business. A copy of the Written Agreement is annexed to the complaint as Exhibit A. The Written Agreement was signed by defendant Russell Dunn on behalf of Mal Dunn and by Michael Curry on behalf of BeMusic.

15. The Written Agreement was effective through June 6, 2004, and has since been automatically renewed each year on June 6 for one year terms, as provided for in Paragraph 1 of the Written Agreement.

16. As of January 2006, YES, and prior to that Bookspan and its predecessors-in-interest, has had an oral agreement with Mal Dunn for Mal Dunn to perform list acquisition services and functions for Bookspan. This agreement has been in place for approximately 15 years (the "Oral Agreement").

17. It is standard industry practice that as a list broker, Mal Dunn acts as an agent for clients such as Plaintiffs by conducting research on lists, negotiating pricing of lists, placing orders through list managers, and facilitating delivery of files to its clients. Mal Dunn then issues an invoice to its client for payment. The client (in this case, Plaintiffs) then pays the invoice, which includes Mal Dunn's commission. Mal Dunn is then required to remit payment to the list managers for the total, less Mal Dunn's commission. This protocol for payment was contained in both the Written Agreement and the Oral Agreement (together "the Agreements"). However, in the present case, Mal Dunn, in a clear breach of the Agreements with Plaintiffs, failed to remit payment to the list managers.

18. As a direct result, based on Mal Dunn's failure to comply with its contractual obligations to pay list managers, a number of list managers have since advised Plaintiffs that they will not deal with Plaintiffs because they had not been paid by Mal Dunn for the lists supplied to Mal Dunn for the benefit of Plaintiffs. This has been, and is, extremely disruptive and damaging to Plaintiffs' businesses. Attached as Exhibit B to the complaint is a copy of May 18, 2007 email correspondence between Selene Yuen of Direct Group in which Christine Slusarek, Executive Director of list owner Time Inc., and Christopher Goodwin, Account Manager of list manager Millard Group, Inc., note that Mal Dunn has not made payments to them. Attached as Exhibit C to the complaint is a copy of a May 22, 2007 email between Ms. Yuen and Russell Dunn, in which Ms. Yuen informed Mr. Dunn that Time, Inc. refused to work with Direct Group because Mal Dunn owed $17,000 to Time.

19. Moreover, until the time when Direct Group and Bookspan discovered that Mal Dunn had breached the contracts, Direct Group and Bookspan had fulfilled all of their obligations and paid all of the sums required by Mal Dunn for its services pursuant to the Written

4

Agreement and Oral Agreement. In 2007 Direct Group paid Mal Dunn approximately $679,000, and Bookspan has paid Mal Dunn approximately $910,000. As a result of Mal Dunn's material breach of the Agreements, Direct Group and Bookspan have terminated the Agreements.

20. In addition to the above, Mal Dunn has also acted as a broker for third parties interested in renting Plaintiffs' customer lists. Plaintiffs have recently been informed by their list managers, American List Counsel and Specialists Marketing Services, Inc., that Mal Dunn has failed to remit payment for the rental of Plaintiffs' customer lists. As a result of Mal Dunn's failure to make payment, sums are now due and owing to Plaintiffs. Copies of these agreements are annexed to the complaints as Exhibits D and E, respectively.

21. Upon information and belief, Defendants knew that they were not going to make the payments required of them under the various Agreements, even though Mal Dunn accepted payments from Direct Group and Bookspan pursuant to the Agreements, and continued to accept monies from third-parties who were renting Plaintiffs' lists through Mal Dunn, even though Mal Dunn never paid any of those monies to Plaintiffs. Moreover, when Mal Dunn entered into the most recent renewal for the Written Agreement, they had no intention of paying the list managers their required fee, a fact they concealed from Plaintiffs.

22. As a result of Mal Dunn's failure to pay them, the list managers have refused to rent their lists to Plaintiffs. Thus, in addition to the monies already paid to Mal Dunn, and the monies owed to Plaintiffs as list owners, as a result of Defendants' breach of the Agreements and their bad faith, Plaintiffs are unable to properly implement their present direct mail campaigns, and to properly plan their future direct mail campaigns, which rely in large part on the lists received from Mal Dunn. As a result, Plaintiffs have suffered substantial monetary harm.

## FIRST CAUSE OF ACTION

(Breach of Contract)

23. Plaintiffs repeat and reallege all other paragraphs of this complaint as if fully set forth herein.

24. Plaintiffs and their predecessors-in-interest and Defendants entered into the Agreements, subsequently renewed, as set forth herein.

25. Plaintiffs and their predecessors-in-interest performed all of the obligations required of them to be performed pursuant to the Agreements.

26. By failing to pay, Defendants materially breached their obligations as set forth in the Agreements. Defendants also breached their obligation of good faith and fair dealing that is implied in the Agreements.

27. In entering into the Agreements, Mal Dunn acted on behalf of itself and its alter egos Stephen Dunn, Russell Dunn, Gregory Dunn, Cathy Dunn and Christopher Dunn.

28. As a result of Defendants' breach, Plaintiffs have been damaged in an amount to be determined at trial, but believed to exceed $5 million.

## SECOND CAUSE OF ACTION

(Fraud in the Inducement)

29. Plaintiffs repeat and reallege all other paragraphs of this complaint as if fully set forth herein.

30. Upon renewal of the Written Agreement on June 6, 2006, Defendants Stephen Dunn, Russell Dunn, Gregory Dunn, Cathy Dunn and Christopher Dunn, individually and on behalf of Mal Dunn, made misrepresentations of material facts to Plaintiffs, as well as

6

omissions of material facts, concerning their intentions, including the obligation to pay the list managers certain sums when Plaintiffs paid them the amounts pursuant to the Agreements.

31. The foregoing representations were false when made.

32. The Defendants acted with scienter in that they knew the misrepresentations were false, and they intended for the misrepresentations to mislead Plaintiffs into renewing the Written Agreement.

33. The misrepresentations to Plaintiffs were material, and Plaintiffs justifiably relied upon those representations when renewing the Written Agreement.

34. Plaintiffs were justified in relying on those representations because payments by the Defendants were an essential term of the Written Agreement, and Plaintiffs would not have renewed the Written Agreement without those representations.

35. In making such representations, Stephen Dunn, Russell Dunn, Gregory Dunn, Cathy Dunn and Christopher Dunn were acting on behalf of themselves, individually and collectively, and on behalf of their alter ego Mal Dunn.

36. The Defendants' knowing and intentional false material misrepresentations and material omissions were wanton, willful and calculated to injure Plaintiffs, and caused Plaintiffs substantial pecuniary harm.

### THIRD CAUSE OF ACTION
(Conversion)

37. Plaintiffs repeat and reallege all other paragraphs of this complaint as if fully set forth herein.

38. Plaintiffs and their predecessors-in-interest and Defendants entered into the Agreements, subsequently renewed, as set forth herein.

39. Pursuant to the Agreements, Plaintiffs and their predecessors-in-interest had ownership, possession or control of certain monies, which they paid to Defendants.

40. Defendants were obligated to use the funds provided to them in order to obtain mailing lists for Plaintiffs from third-parties.

41. Defendants failed to fulfill their obligations under the Agreements and thus breached their contracts with Plaintiffs.

42. Plaintiffs had an immediate superior right of possession to the monies.

43. By failing to remit payment to third-parties in breach of the Agreements with Plaintiffs, Defendants exercised unauthorized dominion over the money in question to the exclusion of Plaintiffs' rights.

44. As a result of Defendants' conversion, Plaintiffs have been damaged in an amount to be determined at trial, but believed to exceed $5 million.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants, awarding them:

a. Under the first, second and third cause of action, compensatory damages in an amount to be determined a trial, but believed to be more than $5 million;

b. under the second and third cause of action, compensatory and punitive damages in an amount in excess of $5 million;

c. the costs and disbursements of this action and attorneys' fees; and

d. such other and further relief as may be just and proper.

Dated: New York, New York
August 7, 2007

*/s/ Steven M. Hayes*
Steven M. Hayes

HANLY CONROY BIERSTEIN SHERIDAN
FISHER & HAYES LLP
112 Madison Avenue
New York, New York 10016
(212) 784-6404

Attorneys for Plaintiffs

To:

Mal Dunn Associates, Inc.
c/o National Registered Agents, Inc.
875 Avenue of the Americas, Suite 501
New York, New York 10001

Stephen Dunn
446 Long Ridge Rd
Pound Ridge, New York 10576

9

Russell Dunn
26 Sunset Drive
North Salem, New York 10560

Gregory Dunn
c/o Russell Dunn
Mal Dunn Associates, Inc.
2022 Route 22
Brewster, New York 10509

Cathy Dunn
c/o Russell Dunn
Mal Dunn Associates, Inc.
2022 Route 22
Brewster, New York 10509

Christopher Dunn
c/o Russell Dunn
Mal Dunn Associates, Inc.
2022 Route 22
Brewster, New York 10509