# EXHIBIT A

## List Broker Agreement

The following terms and conditions shall constitute the agreement (the "Agreement") between BeMusic, Inc., whose principal place of business is located at 28 East 28th Street, 8th floor, New York, New York 10016 ("BeMusic") and Mal Dunn Associates, Inc., whose principal place of business is located at 2022 Route 22, Brewster, NY 10509 ("Mal Dunn" or "You") entered into as of this 5th day of June, 2003 ("Effective Date") regarding services to be performed by Mal Dunn for BeMusic:

1. The term of this Agreement shall be for the time period beginning on the Effective Date through June 6, 2004 and shall be automatically renewed for subsequent one-year terms at the end of the initial and any subsequent term unless terminated in accordance with Paragraph 2 below.

2. Either party may terminate this Agreement upon one hundred twenty (120) days written notice to the other, so long as the termination date is set for the last day of the month. Further, BeMusic may terminate this Agreement immediately if: (i) You have an entry of material judgment against You, which judgment is not satisfied or within 15 days of such judgment entering; (ii) BeMusic is served with any process seeking to attach or garnish any of Your funds in our possession; (iii) You terminate Your existence, dissolve or wind up, liquidate and/or cease business as usual; (iv) You sell all or substantially all of your assets; (v) Your business fails or an adverse change in Your financial condition occurs; (vi) there is an assignment of all or substantially all of Your assets for the benefit of Your creditors; or (vii) You materially breach of any of the terms and conditions of this Agreement.

3. During the term of this Agreement, Mal Dunn shall acquire mailing lists for BeMusic as requested by BeMusic.

4. Mal Dunn shall provide all other customary broker acquisition services to BeMusic, including, but not limited to, research and recommendations on new lists, and segmentation, during the term of this Agreement.

5. Rates and fees for list acquisition shall be reviewed by BeMusic and Mal Dunn on a regular basis and shall be subject to BeMusic's approval.

6. Final selection of all mailing lists shall be made by BeMusic.

7. In full consideration for services performed under the terms of this Agreement, BeMusic shall pay to Mal Dunn a handling fee of $6.20M on mailed volume for all orders placed with Mal Dunn during the term of this Agreement.

8. Mal Dunn agrees that, during the term of this Agreement, it will not perform list acquisition services for any "Competitor" of BeMusic including, but not limited to, Columbia House, Musical Heritage and Time Life Music. "Competitor" shall mean any company engaged in the business of selling and/or distributing recorded music.

9. Each party represents and warrants to the other party that: (i) such party has the full corporate right, power and authority to enter into this Agreement and to perform the acts required of it hereunder; (ii) the execution of this Agreement by such party, and the performance by such party of its obligations and duties hereunder, do not and will not violate any agreement to which such party is a party or by which it is otherwise bound; (iii) when executed and delivered by such party, this Agreement will constitute the legal, valid and binding obligation of such party, enforceable against such party in accordance with its terms.

10. Each party (the "Indemnitor") shall indemnify, defend and hold harmless the other party (the "Indemnitee"), its affiliates and subsidiaries, and its directors, shareholders, officers, agents and employees from and against any and all suits, actions, damages, costs, losses, expenses (including reasonable attorneys' fees and expenses) and other liabilities arising from or in connection with (i) the negligent acts or omissions or willful misconduct of the Indemnitor, its employees or agents; (ii) any material prepared by Indemnitor in conjunction with this

Agreement or arising out of all work produced herein; or (iii) the breach by the Indemnitor of any of its representations or warranties set forth in this Agreement. The Indemnitee shall promptly notify the Indemnitor of any claim for which it seeks indemnification. The Indemnitor shall then have the full right to conduct, and shall bear full responsibility for, the defense (including any monetary settlements) of any such litigation; provided, however, that the Indemnitor shall keep the Indemnitee informed of and regularly consult with the Indemnitee in connection with the progress of such litigation or settlement, and shall not consent to or permit any injunctive relief without the prior written consent of the Indemnitee. The Indemnitor shall be responsible for all costs and expenses (including reasonable attorneys' fees and expenses) incurred relating to the indemnification.

11. Upon natural expiration of this Agreement, or termination as described in paragraph 2 above, Mal Dunn will make its best effort to ensure a smooth transition and that BeMusic's business and operations with respect to activities hereunder are uninterrupted. This shall include, but not be limited to, providing BeMusic with all data, records, and reports in its possession.

12. Notices pertaining to this Agreement shall be sent to BeMusic, Attention Vice President of Marketing Acquisition, with a copy to Senior Vice President, Legal & Business Affairs and to Mal Dunn, Attention Russell Dunn at the addresses noted above.

13. This Agreement is personal to the parties and may not be transferred or assigned without the consent of the other party, except that BeMusic may assign this agreement, in whole or in part, to its parent, to any subsidiary corporations of such party, to any affiliated company, or to any company by which it is acquired, and such rights may be assigned by an assignee thereof to a similar assignee, provided that such assignment shall not release or alter any liability, undertaking or obligation hereunder. This Agreement and all rights and obligations hereunder shall be binding upon the successors, assignees and legal representatives of both parties.

14. This Agreement sets forth the entire Agreement between the parties as to the subject matter hereof and neither party shall be bound by any amendment or modification hereto except as may be set forth subsequent to the date hereof in writing signed by a properly authorized representative of both parties. Facsimile signatures shall be deemed original for all purposes.

15. This Agreement shall be governed by and be construed in accordance with the laws of the State of New York. Any action or proceeding seeking to enforce any provision of, or based on any right arising out of, or otherwise relating to, this Agreement may be brought in the courts of the State of New York, or, if it has or can acquire jurisdiction, in the United States District Court for the Southern District of New York, and each of the parties, for itself, hereby submits to the jurisdiction of such courts (and of the appropriate appellate courts) in any such action or proceeding and waives any objection to venue laid therein.

16. Each party agrees that it is an independent contractor, and nothing in this Agreement will create any partnership, joint venture, agency, franchise, sales representative or employment relationship between the parties. Neither party shall have the authority to make or accept any offers or representations on behalf of the other party. Neither party will make any statement that reasonably would contradict anything in this Section. Further, Mal Dunn is acting strictly as a broker for BeMusic and not as an agent, employee or representative of BeMusic. The parties agree that Mal Dunn does not act under the authority or control of BeMusic for any purpose.

17. The terms and conditions hereof are confidential to the parties. The parties may disclose this Agreement to their employees, officers, directors, attorneys and accountants, all of who shall be bound by the confidentiality agreement between the parties dated April 18, 2003.

ACCEPTED AND AGREED:

Mal Dunn Associates, Inc.

By: *[signature]*
Executive VP
Mal Dunn Assoc -
Date: 6/4/03

BeMusic, Inc.

By: *[signature]*
Michael Curry
Vice President, Marketing Acquisition
Date: 6/11/03