UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIRECT GROUP NORTH AMERICA, INC.,
BOOKSPAN, YORK ENTERPRISE SERVICES LLC,
AND DOUBLEDAY ENTERTAINMENT LLC,

                                                 Plaintiff,

                         - against -

MAL DUNN ASSOCIATES, INC., STEPHEN DUNN,
RUSSELL DUNN, GREGORY DUNN, CATHY DUNN
AND CHRISTOPHER DUNN,

                                             Defendants.

07-Civ-8023 (KMK/LMS)

**ANSWER**

Defendants, STEPHEN DUNN, RUSSELL DUNN, JAMES G. DUNN (improperly sued herein as "Gregory Dunn"), KATHRYN GREGGO (improperly sued herein as "Cathy Dunn") AND CHRISTOPHER DUNN (collectively referred to herein as "Defendants"), by their Attorneys Nixon Peabody, LLP, as and for their Answer to the Complaint, upon information and belief state as follows:

**PARTIES**

1.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "1" of the Complaint and therefore deny those allegations.

2.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "2" of the Complaint and therefore deny those allegations.

3.     Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph "3" of the Complaint and therefore deny those allegations.

    4.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "4" of the Complaint and therefore deny those allegations.

## DEFENDANTS

    5.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "5" of the Complaint and therefore deny those allegations.

    6.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "6" of the Complaint and therefore deny those allegations, except admit that Stephen Dunn is a resident of New York.

    7.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "7" of the Complaint and therefore deny those allegations, except admit that Russell Dunn is a resident of New York.

    8.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "8" of the Complaint and therefore deny those allegations, except admit that Gregory Dunn is a resident of New York.

    9.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "9" of the Complaint and therefore deny those allegations, except admit that Kathryn Greggo is a resident of South Carolina.

    10.    Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph "10" of the Complaint and therefore deny those allegations, except admit that Christopher Dunn is a resident of New York.

11. Defendants deny the allegations contained in paragraph "11" of the Complaint.

12. Defendants deny the allegation contained in paragraph "12" of the Complaint, as it is a question of law properly reserved for the Court.

## FACTS

13. Defendants deny the allegations contained in paragraph "13" of the Complaint.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "14" of the Complaint and therefore deny those allegations.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "15" of the Complaint and therefore deny those allegations.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "16" of the Complaint and therefore deny those allegations.

17. Defendants deny the allegations contained in paragraph "17" of the Complaint.

18. Defendants deny the allegations contained in paragraph "18" of the Complaint.

19. Defendants deny the allegations contained in paragraph "19" of the Complaint.

20. Defendants deny the allegations contained in paragraph "20" of the Complaint.

21. Defendants deny the allegations contained in paragraph "21" of the Complaint.

22. Defendants deny the allegations contained in paragraph "22" of the Complaint.

## FIRST CAUSE OF ACTION

23. Defendants repeat and reiterate their above responses to Paragraphs "1" through "22" of the Complaint as if fully set forth herein.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "24" of the Complaint and therefore deny those allegations.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "25" of the Complaint and therefore deny those allegations.

26. Defendants deny the allegations contained in paragraph "26" of the Complaint, and refer all questions of law to the Court.

27. Defendants deny the allegations contained in paragraph "27" of the Complaint, and refer all question of law to the Court.

28. Defendants deny the allegations contained in paragraph "28" of the Complaint.

## SECOND CAUSE OF ACTION

29. Defendants repeat and reiterate their above responses to Paragraphs "1" through "28" of the Complaint as if fully set forth herein.

30. Defendants deny the allegations contained in paragraph "30" of the Complaint.

31. Defendants deny the allegations contained in paragraph "31" of the Complaint.

32. Defendants deny the allegations contained in paragraph "32" of the Complaint, and refer all questions of law to the Court.

33. Defendants deny the allegations contained in paragraph "33" of the Complaint, and refer all questions of law to the Court.

34. Defendants deny the allegations contained in paragraph "34" of the Complaint, and refer all questions of law to the Court.

35. Defendants deny the allegations contained in paragraph "35" of the Complaint, and refer all questions of law to the Court.

36. Defendants deny the allegations contained in paragraph "36" of the Complaint.

### THIRD CAUSE OF ACTION

37. Defendants repeat and reiterate their above responses to Paragraphs "1" through "36" of the Complaint as if fully set forth herein.

38. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "38" of the Complaint and therefore denies those allegations.

39. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "39" of the Complaint and therefore denies those allegations.

40. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "40" of the Complaint and therefore denies those allegations.

41. Defendants deny the allegations contained in paragraph "41" of the Complaint.

42. Defendants deny the allegations contained in paragraph "42" of the Complaint, and refer all questions of law to the Court.

43. Defendants deny the allegations contained in paragraph "43" of the Complaint, and refer all questions of law to the Court.

44. Defendants deny the allegations contained in paragraph "44" of the Complaint.

### AS AND FOR DEFENDANTS' FIRST AFFIRMATIVE DEFENSE

45. Plaintiffs have failed to state a cause of action for which relief may be granted.

### AS AND FOR DEFENDANTS' SECOND AFFIRMATIVE DEFENSE

46. Plaintiffs breached their contracts with Defendant Mal Dunn.

### AS AND FOR DEFENDANTS' THIRD AFFIRMATIVE DEFENSE

47. Plaintiffs' causes of action are barred, in whole or in part, by the Statute of Frauds.

### AS AND FOR DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE

48. Plaintiffs' claims are barred, in whole or in part, to the extent that there has been a failure to comply with the conditions and requirements contained in the alleged contracts between Plaintiffs and Defendant Mal Dunn.

### AS AND FOR DEFENDANTS' FIFTH AFFIRMATIVE DEFENSE

49. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE

50. Plaintiffs' claims are barred, in whole or in part, by the principles or doctrines of estoppel, waiver, laches and/or unclean hands.

## AS AND FOR DEFENDANTS' SEVENTH AFFIRMATIVE DEFENSE

51. Plaintiffs waived and are estopped from asserting some or all of its claims based on the parties' course of performance, course of dealing, and usage of trade.

## AS AND FOR DEFENDANTS' EIGHTH AFFIRMATIVE DEFENSE

52. Plaintiffs' remedies are barred to the extent that they have failed to take reasonable steps to mitigate their damages.

## AS AND FOR DEFENDANTS' NINTH AFFIRMATIVE DEFENSE

53. The Court lacks personal jurisdiction.

## AS AND FOR DEFENDANTS' TENTH AFFIRMATIVE DEFENSE

54. The Court lacks subject matter jurisdiction.

## AS AND FOR DEFENDANTS' ELEVENTH AFFIRMATIVE DEFENSE

55. Defendants' acts or omissions were justified under the circumstances.

## AS AND FOR DEFENDANTS' TWELFTH AFFIRMATIVE DEFENSE

56. The Complaint fails to set forth any basis upon which the corporate veil of Defendant Mal Dunn may be pierced.

## AS AND FOR DEFENDANTS' THIRTEENTH AFFIRMATIVE DEFENSE

57. All claims by Plaintiffs against Defendants are barred as Plaintiffs' claims

concern dealing with defendant Mal Dunn Associates, Inc., a corporation for whose actions Defendants may not be held individually liable.

## AS AND FOR DEFENDANTS' FOURTEENTH AFFIRMATIVE DEFENSE

58. The Complaint fails to allege any act or omission that might lawfully justify an award of punitive damages.

## AS AND FOR DEFENDANTS' FIFTEENTH AFFIRMATIVE DEFENSE

59. At all times and in all respects Defendants acted toward Plaintiffs in good faith and without malice.

## AS AND FOR DEFENDANTS' SIXTEENTH AFFIRMATIVE DEFENSE

60. Any representations, negligent misrepresentations, or omissions made to Plaintiffs were made by a party other than the Defendants, without Defendants knowledge or consent, and were beyond any agency relationship and any limited express, implied, or apparent authority of Defendants.

## AS AND FOR DEFENDANTS' SEVENTEENTH AFFIRMATIVE DEFENSE

61. Plaintiffs' claim for conversion is barred, as they fail to set forth specific and identifiable funds that are the subject of the conversion.

## AS AND FOR DEFENDANTS' EIGHTEENTH AFFIRMATIVE DEFENSE

62. Plaintiffs' remedies are barred to the extent they failed to participate in the

bankruptcy proceedings of defendant Mal Dunn.

### AS AND FOR DEFENDANTS' NINETEENTH AFFIRMATIVE DEFENSE

63.   Defendants hereby give notice that they intends to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserves the right to amend its Answer and to assert any such defense by appropriate motion.

### DEMAND FOR JURY TRIAL

Defendants Stephen Dunn, Russell Dunn, James G. Dunn, Kathryn Greggo, and Christopher Dunn demand a jury trial.

WHEREFORE, Defendants Stephen Dunn, Russell Dunn, James G. Dunn, Kathryn Greggo, and Christopher Dunn demand judgment in their favor:

1.   dismissing the Complaint in its entirety with prejudice;

2.   awarding Defendants its costs and disbursements of this action;

3.   granting Defendants such other and further relief as the Court deems just, equitable and proper.

DATED:  October 29, 2007

By:   /s/ Joseph J. Ortego
Joseph J. Ortego (JO 3839)
Thomas M. Mealiffe (TM 7369)
NIXON PEABODY LLP
*Attorneys for Defendants,*
*Stephen Dunn, Russell Dunn,*
*Gregory Dunn, Cathy Dunn and*
*Christopher Dunn*
50 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 832-7500